UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. |
| ) | |
| $11,000 UNITED STATES CURRENCY, ) | JUDGE |
| $19,000 UNITED STATES CURRENCY and ) | |
| $7,000 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, David Rivera, Acting United States Attorney for the Middle District of Tennessee, and Debra Teufel Phillips, Assistant United States Attorney for said district, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

### NATURE OF THE ACTION

1. In this *in rem* civil action the United States of America seeks forfeiture of the following: $11,000 United States Currency, $19,000 United States Currency and $7,000 United States (hereinafter collectively "Defendant Property") pursuant to 21 U.S.C. § 881(a)(6) which authorizes forfeiture of moneys furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. §§ 841 or 846; (2) all proceeds traceable to such an exchange; and all moneys, used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1), i.e., to knowingly or intentionally distribute, or dispense, or possess

with intent to distribute, or dispense, a controlled substance or a violation of 21 U.S.C. § 846, i.e., a conspiracy to violate 21 U.S.C. § 841(a)(1).

## THE DEFENDANT IN REM

2. On January 19, 2013, Defendant $11,000 United States Currency was seized from a hidden compartment in a rental vehicle during a traffic stop conducted on Interstate 24 in the Middle District of Tennessee.

3. On February 1, 2013, Defendant $19,000 United States Currency was seized from Kerry Haynes and Defendant $7,000 United States Currency was seized from Anthony Powell pursuant to a traffic stop conducted on Interstate 24 in the Middle District of Tennessee.

4. The Defendant Property is presently in the United States of America's possession, custody, or control.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, Plaintiff requests that the Clerk issue arrest warrants *in rem* pursuant to Supplemental Rule G(3)(b)(i). Plaintiff will then execute the warrants upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## BASIS FOR FORFEITURE

*Drug Trafficking Proceeds*

8. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and 846, or proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841 and 846.

9. Pursuant to 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f), all right, title and interest in the Defendant Property vests in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

10. The facts and circumstances supporting the forfeiture of the Defendant Property are contained in the Affidavit of William T. Holton, a copy of which is attached hereto as Exhibit 1 and incorporated as though fully set forth herein.

## CLAIM FOR RELIEF

11. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 10 above.

12. Defendant Property constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and 846, or proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841 and 846.

13. As a result of the foregoing, the Defendant Property is liable to forfeiture and forfeitable to the United States in accordance with 21 U.S.C. § 881(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, the United States of America Prays that the Clerk issue a Warrant for Arrest *In Rem* for the Defendant Property and that the Defendant Property be condemned and forfeited to the United States of America in accordance with the provisions of law; that notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property; and that the plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

DAVID RIVERA
Acting United States Attorney for the
Middle District of Tennessee

DEBRA TEUFEL PHILLIPS (BPR 011706)
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

4

## VERIFICATION

I, William T. Holton, DEA Task Force Officer, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case as a Task Force Officer with the DEA.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 20 day of June, 2013, at Nashville, Tennessee.

_____
WILLIAM T. HOLTON